(No. 25583.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL HOWELL *et al.* Plaintiffs in Error.

*Opinion filed Dec. 12, 1940—Rehearing denied February 5, 1941.*

COURTNEY ARTHUR, JOSEF T. SKINNER, and ARTHUR H. SHAY, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, TAYLOR E. WILHELM, State's Attorney, and A. B. DENNIS, (CHARLES A. HELFFRICH, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Defendants Paul Howell and Robert Carter were convicted of rape by a jury in the circuit court of LaSalle county and sentenced to the penitentiary for terms of five years and one year, respectively. The prosecutrix is Alberta

Kopach, a girl sixteen years of age on the date of the alleged crime. Defendants have sued out this writ of error, and urge as grounds for reversal that they were not proved guilty beyond a reasonable doubt, it was not proved beyond a reasonable doubt that the acts of sexual intercourse occurred in LaSalle county, the court erred in the giving and refusing of instructions, and the State's attorney made improper remarks.

A great amount of evidence was introduced showing the activities of the defendants and of the prosecutrix during the entire evening of the alleged rape, which it is unnecessary to detail. Although defendants contend rape was not proved beyond a reasonable doubt, their argument is really only that the jury should have believed their testimony that the prosecutrix consented to have sexual intercourse with them, rather than that of the prosecutrix to the effect that they forcibly overcame her resistance. It is elemental that the question of credibility of witnesses is for the jury. Prosecutrix's account of what transpired is not at all improbable and it is supported by circumstantial evidence,—i. e., her pants and dress were torn, her body bruised, etc. The jury was justified in finding sexual intercourse was had forcibly and against the will of prosecutrix.

The principal argument of defendants is that the venue, LaSalle county, as laid in the indictment, was not proved beyond a reasonable doubt. The acts of intercourse occurred between 1:00 o'clock and 4:00 o'clock in the morning of March 3, 1939, in a parked automobile belonging to defendant Carter. The defendants and prosecutrix are the only witnesses who gave direct testimony as to where the car was parked. They agree that they turned left on a gravel road which intersects U. S. highway No. 51, north of Peru. Prosecutrix testified they parked about a quarter of a mile west of the intersection. That would be in LaSalle county, and she stated categorically the rape occurred in LaSalle county. Defendants both testified they drove to

the end of this gravel road, turned left and proceeded on another gravel road, crossed two railroad tracks, and parked at a wide place in the road. This place is located in Bureau county. To corroborate their testimony defendants proved the reverse gear of Carter's automobile was broken that night, that the road at the point prosecutrix fixed as the scene of the crime was too narrow to permit a car to turn around without backing, but that at the place they fixed upon it was wide enough. Again the evidence is conflicting, and we believe it was the province of the jury to determine the question of credibility. By their own testimony defendants had been drinking all evening and they said Carter was too intoxicated to engage in sexual intercourse although he tried for an hour and a half to do so. Prosecutrix had had nothing to drink and the jury may well have believed she was in a better condition to observe and more apt to know where they were. As to the testimony that the car gears could not be put in reverse and the road at the place described by prosecutrix was too narrow to permit a car to be turned around on it, it will be observed prosecutrix did not testify as to how the car was turned around. She did not testify the car was put in reverse gear. Nor does the evidence show the car could not be turned around except through the use of the reverse gear. Defendants' contention that it was impossible for them to have parked and turned around where prosecutrix testified is not borne out by the record.

Defendants complain of the court's action in giving three instructions which, in effect, directed a verdict and omitted the element of venue. However, another instruction, which also directed a verdict, clearly told the jury venue must be proved beyond a reasonable doubt, and another instruction told the jury the instructions should be considered as a series. Under these circumstances there was no prejudicial error in giving the three instructions. *Cook* v. *People,* 177 Ill. 146, 155.

There is no merit in the contention that error was committed in refusing to give two instructions offered by defendants. Nor was the State's attorney guilty of improper conduct in his cross-examination or in his argument to the jury, to which no objection was made.

The judgments are affirmed.

*Judgments affirmed.*